IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DESMOND BROWN,

    Petitioner,

v.   Case No. 4:17cv170-RH/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On April 5, 2017, Petitioner Desmond Brown, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 27, 2018, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 14. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is untimely

and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## PROCEDURAL BACKGROUND

Petitioner entered a plea of nolo contendere to the charges of burglary of a dwelling with a person assaulted while armed (Count 1), attempted armed robbery with a firearm (Count 2), and carrying a concealed firearm (Count 3). *See* Ex. A at 29.[1] On January 23, 2014, the state trial court adjudicated him guilty on all three counts, and sentenced him to 10 years in prison followed by 5 years of probation, with jail credit for 178 days, pursuant to section 775.087, Florida Statutes. *Id.* at 32-35.

On February 24, 2014, Petitioner filed a direct appeal to the First District Court of Appeal (First DCA), and his counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Ex. C. Petitioner's conviction and sentence were per curiam affirmed without a written opinion on May 29, 2015, and the mandate issued June 24, 2015. *See* Ex. D.

Petitioner filed this petition for writ of habeas corpus on April 5, 2017. ECF No. 1. On June 29, 2017, in the state trial court, Petitioner filed a pro

---

[1] Hereinafter, all citations to the state court record, "Ex.-," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 14.

se Motion to Correct an Illegal Sentence. Ex. E at 3. On July 27, 2017, Petitioner filed a pro se Motion for Post-Conviction Relief in state court. *Id.* at 24-29.

By order rendered July 28, 2017, the state trial court denied Petitioner's Motion to Correct an Illegal Sentence. *Id.* at 30. The court explained the sentence was imposed as part of Petitioner's plea agreement and could not be challenged in a motion pursuant to Florida Rule of Criminal Procedure 3.800(a). *Id.* at 30. *See* Haynes v. State, 106 So. 3d 481, 482 (Fla. 5th DCA 2013) ("As the sentence was the product of a negotiated plea, the remedy is not to correct the illegal sentence, but rather a motion under Rule of Criminal Procedure 3.850 to set aside the plea . . . .").

Petitioner then filed a pro se Motion for Rehearing on August 14, 2017. Ex. E at 43-46. The trial court denied the Petitioner's Motion for Post-Conviction Relief as untimely, and denied his Motion for Rehearing on August 18, 2017. *Id*. at 47-48, 51.

On August 29, 2017, Petitioner filed an appeal from the order denying Petitioner's 3.800 motion, the order denying rehearing, and the order denying his motion for post-conviction relief. Ex. F*.* The First DCA issued

a per curiam affirmance without a written opinion on January 19, 2018.  Ex. G.

## ANALYSIS

Petitioner has filed a pro se petition for writ of habeas corpus under Title 28, United States Code, section 2254.  ECF No.1.  Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitation period starts on (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," (B) the date on which an unconstitutional impediment which prevented the applicant from filing is removed, (C) the date on which a right, if recently recognized by the Supreme Court, is made retroactively applicable to cases on collateral review, or (D) the date on which facts of the claims presented could have been discovered through due diligence.  *Id*.  When a proper application for post-conviction relief has been filed with the State court, time will be tolled while the claim is pending.  *Id.*

In this case, the state trial court sentenced Petitioner on January 23, 2014.  Ex. A 32-35.  Petitioner appealed his convictions and sentence to

the First DCA, which affirmed the case on May 29, 2015.  Ex. D. Petitioner's conviction became final Thursday, August 27, 2015, when the ninety (90)-day period to seek review in the United States Supreme Court expired.  Sup. Ct. R. 13 (2013) (providing that petition for a writ of certiorari is timely when filed "within 90 days after entry of the order denying discretionary review"); *see also* Clifton v. Sec'y, Dep't of Corr., No. 06-61236-CIV, 1012 WL 3670264, n.3 (M.D. Fla. Aug. 27, 2012) (stating that Supreme Court of Florida does not have jurisdiction over per curiam decisions on direct appeal, therefore "filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, [and] Petitioner was not required to file such a petition to toll the one-year limitations period for ninety days").

The AEDPA limitations period expired one year later, on August 27, 2016.  *See* Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (stating that limitations period ends on anniversary date of triggering event); Downs v. McNeil, 520 F.3d 1311, 1311 (11th Cir. 2008) (using anniversary method).  Petitioner did not file any post-conviction motions in state court until June 29, 2017.  Ex. E.  He subsequently filed additional post-conviction motions.  Ex. E at 2.  The one-year AEDPA limitations period had already expired when these motions were filed.  *See,*

*e.g.*, <u>Hutchinson v. State of Fla.</u>, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Consequently, the § 2254 petition filed April 5, 2017, is untimely and Respondent's motion to dismiss should be granted.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 14, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on May 17, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.